**TINSLEY et al. v. YOUNG et al.**

Court of Appeals of Kentucky.

June 5, 1953.

———◆———

Russell Vanover, Pikeville, R. R. Hatfield, McCarr, for appellants.

Francis M. Burke, Pikeville, for appellees.

CAMMACK, Justice.

Belle Young Tinsley and her son, Autie Young, are appealing from a judgment holding that Hiram Young, the husband of Belle Young Tinsley, died intestate, without children, in 1932, the owner of a five acre tract of land on which was located a dwelling, together with some outbuildings. The action was instituted by some of the appellees, heirs of Hiram Young, seeking a sale of the property and a division of the proceeds. The judgment directed that the land be sold and the proceeds divided among the appellees. Mrs. Tinsley was allowed dower, based on her age of 69 at the time of the entry of the judgment, because she had received the rents and income from the property since the death of Hiram Young.

Autie Young was the son of Belle Young Tinsley by a former marriage. It is not disclosed how he acquired the name "Young". Apparently, the only reason for his appearing as a party in the case is that he claims to have made some improvements on the property after Hiram Young's death. There is proof for the appellees that Hiram Young acquired the property from Greely Hatfield, in 1909, for $2750. On the other hand, Mrs. Tinsley claims that she furnished the money for the original purchase. She claimed also that Hiram Young deeded her the property in 1932 for a consideration of $50. That deed was not acknowledged. There is the contention also that the appellants placed permanent improvements on the property with the full knowledge of the appellees. According to the appellants' proof, Hiram Young suffered with tuberculosis for a number of years prior to his death and was unable to work.

The judgment from which the appeal is prosecuted was entered in 1950 by J. Frank Stewart, Special Judge. The action was instituted during Judge R. Monroe Fields' lifetime. There is proof that the case was submitted for judgment by Judge Fields in February, 1947, that the submission was set aside for further preparation in March of that year, and that Judge Fields submitted the case for final judgment in September, 1947. However, he never entered a judgment in the case. Judge E. D. Stephenson considered the case, and there is a notation made by him that the case was submitted for judgment in April, 1950, that he wanted

to hear counsel, and that judgment was to go for the defendants (appellants). Judge Stephenson did not enter a judgment in the case because he became critically ill and it was during his illness that the special judge was designated to try the case.

We have examined the record carefully and are not disposed to disturb Judge Stewart's ruling, because we think there was ample evidence to support it.

Judgment affirmed.